IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BRENT WYATT, | § | |
| TDCJ #1180779, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-0159 |
| | § | |
| AHIA SHABAAZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

State inmate Brent Wyatt (TDCJ #1180779) has filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated when he was in custody at a local prison facility in 2004. Wyatt appears *pro se* and *in forma pauperis*. At the Court's request, the State Attorney General's Office has supplemented the pleadings with a special report and administrative record. (Doc. # 26). After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.[1]

### I.   BACKGROUND

Wyatt is currently in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, TDCJ) at the Powledge Unit in Palestine,

---

[1] On October 25, 2007, this case was reassigned to United States District Judge Melinda Harmon pursuant to General Order 2007-10. The case is being handled by the undersigned by agreement of the judges.

Texas. On March 9, 2006, Wyatt filed the civil rights complaint in this case against Ahia Shabaaz, who serves as Director of Clinical Services for the TDCJ Health Services Division in Huntsville, Assistant Warden Oscar Mendoza and three Jane or John Doe defendants employed by TDCJ at the Garza East Unit, and several Jane or John Doe defendants employed by TDCJ at the Darrington Unit. Wyatt's complaint concerns incidents that occurred over the course of approximately two weeks in 2004, when Wyatt was in transit following oral surgery on April 27, 2004.

Wyatt explains that he had oral surgery at the Darrington Unit on April 27, 2004, to remove two wisdom teeth. The medical records show that, following the surgery, Wyatt was prescribed an antibiotic to be taken three times daily for seven days. (Special Report, Doc. # 26, Exhibit A at 7). Wyatt was also prescribed pain medication (Tylenol 3) to be taken every six hours for seven days and Ibuprofen to be taken three times daily for seven days. (*Id.*). On April 28, 2004, Wyatt was cleared to return to his unit of assignment. On April 29, 2004, Wyatt was transferred to the Garza East Unit, where he was assigned at that time.

Wyatt complains that he was denied adequate pain medication at the Darrington Unit on April 28 and April 29, 2004. Wyatt also complains that he was denied adequate medical care in the form of pain medication at the Garza East Unit from April 29 through May 9, 2004. Wyatt complains further that, when he finally filed a grievance about these issues a year later in May of 2005, Ahia Shabaaz failed to provide a satisfactory response.

Because the complaint alleged discrete violations against defendants residing in different divisions within the Southern District of Texas, the case was severed three ways in

an order entered on June 29, 2006. (Doc. # 17). Because Ahia Shabaaz is employed by TDCJ in Huntsville, the claims against this defendant were transferred to the Houston Division. Those claims were dismissed after Wyatt elected to voluntarily withdraw his complaint. *See Wyatt v. Shabaaz*, Civil No. H-06-2290 (S.D. Tex. Dec. 15, 2006). Because the Garza Unit is located in Corpus Christi, the claims against Oscar Mendoza and other defendants employed at that facility were transferred to the Corpus Christi Division. Those claims were dismissed based on the plaintiff's failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). *See Wyatt v. Shabaaz*, Civil No. C-06-0280 (S.D. Tex. April 24, 2007).

The only remaining claims in this case concern Wyatt's allegations that he was denied adequate medical care at the Darrington Unit in Rosharon, Texas. Wyatt seeks compensatory and punitive damages for the pain and suffering that he endured at the Darrington Unit from April 27 through April 29, 2004. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.    STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is

immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In this instance, the State Attorney General's Office has supplemented the pleadings at the Court's request by providing a special report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1987), also known as a "*Martinez* report." (Doc. # 26). In *Martinez*, the court approved a district court's order asking prison officials to investigate the facts surrounding an inmate's civil rights complaint for the purpose of constructing "an administrative record." *Id.* at 319. The Fifth Circuit has adopted the procedure used in *Martinez* as a tool in which an administrative record is constructed to assist a trial court in making a determination of frivolity under 28 U.S.C. § 1915. *See Norton v. Dimazana*, 122 F.3d 286, 292-93 (5th Cir. 1997). However, a *Martinez* report may not be used to resolve material disputed fact findings when they are in conflict with the pleadings or affidavits. *See Shabaaz v. Askins*, 980 F.2d 1333, 1334-35 (10th Cir. 1992); *Hendrickson v. Davis*, 172 F. App'x 48 (5th Cir. 2006), *cert. denied*, — U.S. —, 127 S. Ct. 969 (2007).

## III.     DISCUSSION

The Attorney General's Office asserts that the complaint in this case is barred from review because Wyatt failed to comply with the exhaustion requirement found in the PLRA, 42 U.S.C. § 1997e(a), by promptly presenting his claims for consideration by prison officials before filing suit. (Special Report, Doc. # 26, at 4). Under the PLRA, codified as amended at 42 U.S.C. § 1997e(a), an inmate is required to exhaust administrative remedies for all "action[s] . . . brought with respect to prison conditions" before filing a civil rights suit in federal court under 42 U.S.C. § 1983 or "any other Federal law." The Supreme Court has held repeatedly that § 1997e(a) requires exhaustion of *all* administrative procedures before an inmate can sue in federal court. *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding that the PLRA requires exhaustion of all claims concerning prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong).

The pleadings in this case, as confirmed by the special report, show that Wyatt failed to exhaust his administrative remedies in this instance in compliance with the process available at TDCJ. (Complaint, Doc. # 1, Exhibits; Special Report, Doc. # 26, Exhibit B). TDCJ has a formal two-step administrative grievance process. *See Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998) (outlining the two-step procedure, which at Step 1 entails submitting an administrative grievance at the institutional level followed by a Step 2 appeal if the result is unfavorable). A Step 1 grievance, which is reviewed by officials at the inmate's assigned facility, must be filed within fifteen days of the alleged incident or

challenged event. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Once an inmate receives a response to his Step 1 grievance, he then has up to ten days to file a Step 2 grievance to appeal an unfavorable result. *See id.* Step 2 grievances are reviewed at the state level. *See id.*; *Wendell*, 162 F.3d at 891. An inmate must pursue a grievance through both steps of the administrative process for his claim to be considered exhausted. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

Wyatt, who complains that he received inadequate medical care at the Darrington Unit in April of 2004, filed a Step 1 grievance on May 26, 2005, which is more a year than after the complained of incident. (Step 1 Grievance # 2005165712). The Step 1 grievance was reviewed by Assistant Warden Oscar Mendoza at the Garza East Unit, where Wyatt was assigned at the time. Mendoza found that Wyatt's post-operative examination on May 3, 2004 was "normal" and that there was no indication in the records showing that Wyatt was denied medical or dental care at the Garza East facility. (*Id.*). There was no response, however, to Wyatt's allegations concerning the treatment that he received at the Darrington Unit. Wyatt filed a Step 2 grievance appeal on July 12, 2005. (Step 2 Grievance #2005165712). The record reflects that Ahia Shabaaz rejected the Step 2 appeal, noting that Wyatt's Step 1 grievance "greatly exceed[ed] the time limits for filing a grievance" under TDCJ rules. (*Id.*). Therefore, because Wyatt did not file his Step 1 grievance within fifteen days of the incident that forms the basis of his complaint, Shabaaz found that his untimely grievance failed to comply with TDCJ procedure.

The Supreme Court has emphasized that the exhaustion requirement found in the PLRA, 42 U.S.C. § 1997e(a), mandates "proper exhaustion," *Woodford v. Ngo*, — U.S. —, 126 S. Ct. 2378, 2387 (2006), which demands compliance with prison procedural rules. Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *See id.*, 126 S. Ct. at 2389-90. As the Fifth Circuit has observed, "TDCJ has promulgated a detailed, complex, and carefully thought-out program to facilitate the filing of grievances and assure their prompt, dispassionate investigation." *Wright*, 260 F.3d at 358. An untimely grievance, such as the one filed by Wyatt in this case, frustrates administrative review of inmate complaints and is not sufficient to satisfy the exhaustion requirement. *See Wright*, 260 F.3d at 358; *Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001); *Trevino v. Herrera*, 61 Fed. App'x 922, 2003 WL 1107319 (5th Cir. Feb. 20, 2003).

The Court notes Wyatt's complaint against the Garza Unit defendants has been dismissed for failure to exhaust.[2] *See Wyatt v. Shabaaz*, Civil No. 2-06-280 (S.D. Tex. April 24, 2007) (Doc. # 53) (finding that Wyatt's year-late grievance was untimely and therefore insufficient to properly exhaust administrative remedies as required by the PLRA). Because it is evident from the pleadings that Wyatt failed to properly exhaust his administrative remedies in compliance with prison procedures before filing suit in federal court, the Court

---

[2]   The Court notes that Wyatt filed a response to the defendants' motion to dismiss in *Wyatt v. Shabaaz*, Civil No. 2-06-0280 (S.D. Tex.) (Doc. # 52), but that he made no effort to explain his failure to file a timely grievance in compliance with TDCJ procedures.

concludes that his complaint against Darrington Unit personnel also must be dismissed for lack of compliance with § 1997e(a).

### IV.    CONCLUSION AND ORDER

The pleadings filed in this case fail to state a claim upon which relief can be granted at this time because Wyatt clearly failed to exhaust administrative remedies in compliance with prison procedures and the PLRA before filing suit in federal court.

Accordingly, based on the foregoing, it is **ORDERED** that the complaint in this case is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**The Clerk is directed to provide a copy of this order to the parties.  The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on <u>February 28th</u>, 2008.

_____
Nancy F. Atlas
United States District Judge